UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

YOLANDA SALIFORD, individually
and on behalf of other persons similarly
situated,

       Plaintiff,

v.

REGIONS FINANCIAL CORPORATION,
a Delaware corporation, and REGIONS BANK,
an Alabama corporation,

       Defendant.

_____/

## COMPLAINT

1.     Plaintiff, YOLANDA SALIFORD (hereinafter referred to as "Plaintiff"), was an employee of Defendants, REGIONS FINANCIAL CORPORATION, a Delaware corporation, and REGIONS BANK, an Alabama corporation (hereinafter referred to as "Defendants"), and brings this action on behalf of herself and other current and former employees similarly situated for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2.     During her employment, Plaintiff was employed by Defendants as a non-exempt teller.  Plaintiff performed her duties and related activities in Broward County, Florida.

3.     Defendant, REGIONS FINANCIAL CORPORATION, is a Delaware corporation, with a principal place of business in Birmingham, Alabama.  At all times material, REGIONS FINANCIAL CORPORATION was authorized to do business in the state of Florida.

4.      Defendant, REGIONS BANK, is an Alabama corporation, with a principal place of business in Birmingham, Alabama.  At all times material, REGIONS BANK was authorized to do business in the state of Florida.

5.      Defendants, REGIONS FINANCIAL CORPORATION and REGIONS BANK, do business from multiple locations throughout the United States and the State of Florida, including in Broward County, Florida.  Therefore, Defendants are within the jurisdiction of this Court.

6.      Defendant, REGIONS FINANCIAL CORPORATION, through its subsidiary, REGIONS BANK, owns and operates approximately 1,900 banking offices in 16 states.  This action is intended to encompass all such locations.

7.      Defendants, REGIONS FINANCIAL CORPORATION and REGIONS BANK, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

8.      Defendants, REGIONS FINANCIAL CORPORATION and REGIONS BANK, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

9.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

10.     At all times pertinent to this Complaint, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) with revenue in excess of $500,000.00.

11.     At all relevant times, Defendants employed Plaintiff as a non-exempt teller.

12.     In one or more workweeks during their employment, Plaintiff and the other similarly situated employees regularly worked overtime hours, including staying past the end of their scheduled shifts and/or working on weekends.   However, they were not credited and compensated for all of the hours they worked because Defendants discouraged the recording of hours in excess of forty, despite such overtime hours being regularly worked.

13.     The records, if any, concerning the number of hours actually worked by Plaintiff and similarly situated employees and the compensation actually paid to them are in the possession and custody of Defendants.

14.     The additional persons who may become plaintiffs in this action are current and former non-exempt tellers nationwide, who worked uncompensated overtime hours on or after June 2007.

15.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

17.     Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

18.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other employees similarly situated have suffered damages plus incurring costs and reasonable attorney's fees.

19.     As a result of Defendants' willful violation of the Act, Plaintiff and the other employees similarly situated are entitled to liquidated damages.

20.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, YOLANDA SALIFORD, and the other employees similarly situated, demand judgment against Defendants, REGIONS FINANCIAL CORPORATION and REGIONS BANK, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: June 18, 2010
    Boca Raton, Florida

Respectfully submitted,

Gregg I Shavitz (Fla. Bar No. 11398)
Email: gshavitz@shavitzlaw.com
Camar R. Jones (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

**NOTICE OF CONSENT TO JOIN**

The undersigned, _Yolanda Saliford_ hereby consents, pursuant to 29

U.S.C. §216(b), to become a party plaintiff in this action.


CLIENT SIGNATURE